## Thomas A. Farrell, Appellee, v. Money Almgren and F. O. Munson, Appellants.

### Gen. No. 6,569.   (Not to be reported in full.)

Appeal from the Circuit Court of Knox county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 25, 1918.

### Statement of the Case.

Action by Thomas A. Farrell, plaintiff, against Money Almgren and F. O. Munson, defendants, to recover for commissions for finding a purchaser for real estate of defendants. From a judgment for $765 in favor of plaintiff, defendants appeal.

WELSH & ZETTERHOLM, for appellants.

WILLIAMS, LAWRENCE, GREEN & GALE, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 48*—*what is not sale of farm by joint owners within reservation in contract with broker.* The transfer of an undivided one-half interest in a farm by one joint owner to the other is not a sale of the farm contemplated in a reservation in a contract by the joint owners with a broker for the sale of the property on commission, by which the owners reserve the right to sell the farm themselves without liability for commissions.

2. BROKERS, § 90*—*when unnecessary for broker to show financial standing of person agreeing to lend money to purchaser.* In an action by a broker for commissions for the sale of real estate, it is unnecessary to show the financial standing of the person with whom the purchaser had made arrangements to borrow the money to pay for the land and his ability to furnish the money in order to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

show that a purchaser had been procured who was ready and able to purchase the farm, especially where the testimony of the purchaser that he had the money to pay for the place was uncontradicted.

## Oneida State Bank, Appellant, v. C. A. Peterson et al., Appellees.

## Gen. No. 6,574.

1.  APPEAL AND ERROR, § 1367*—*when discretion of court in allowing reopening of case after conclusion of evidence is reviewable.* The discretion of the trial court in allowing a reopening of a case after the conclusion of the evidence for the defense so as to admit evidence which should have been introduced in chief is not an arbitrary but a judicial one, and when it is abused, or so exercised as to work an injury to a party complaining, the ruling of the court is reviewable.

2.  APPEAL AND ERROR, § 1367*—*what constitutes reviewable abuse of discretion in refusing to allow reopening of case after conclusion of evidence.* The refusal of the trial court, after the conclusion of the evidence for the defense, in an action on a promissory note against surviving partners, in which the defense was that the note was not executed on the date it bore but was actually made after the partnership had been dissolved by the death of a member and was consequently void as against the partnership, to allow the plaintiff to show the original indebtedness for which the note was given and that the note represented the balance of an indebtedness to plaintiff, which had been agreed upon prior to the death of such member, that the note was for the amount agreed upon and that the execution and delivery of the note had been deferred pending arrangements for the execution and delivery of a certain mortgage, and had been dated back as a matter of convenience, was an abuse of discretion, warranting a review of the ruling of the court.

Appeal from the Circuit Court of Knox county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1918. Reversed and remanded. Opinion filed July 25, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.